**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**
**CASE NO: 0:25-cv-62582-MD**

NATHANIEL THOMAS ALTMAN,

      Plaintiff,

    v.

EQUIFAX INFORMATION SERVICES LLC
and TRANSUNION, LLC,

      Defendants.

**TRANS UNION'S REPLY IN SUPPORT OF ITS**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

Pursuant to Federal Rule of Civil Procedure 12(c), Defendant Trans Union, LLC ("Trans Union"), by and through its undersigned counsel, files this Reply in Support of its Motion for Judgment on the Pleadings ("Motion"), and respectfully shows the Court as follows:

**I.      INTRODUCTION**

Plaintiff's Opposition rests on the false belief that his Amended Complaint ("Complaint") specifically identifies allegedly inaccurate information reported by Trans Union, and claims that the Complaint specifies the categories of inaccuracies "account by account." Despite Plaintiff's claims of specificity, the Complaint fails to specify what inaccurate information was contained in Plaintiff's credit report and, further, fails to specify the accurate information that *should have* been reported for each alleged inaccuracy. Indeed, Plaintiff's Opposition does nothing to rebut the arguments set forth in Trans Union's Motion and instead confirms that the Complaint contains the same vague and conclusory allegations that were dismissed in the Equifax Action[1]—such as

---

[1]      All capitalized terms used herein shall have the same meanings ascribed to them in the original Motion.

broadly identifying a blanket list of accounts and general categories of information believed to be inaccurate. Accordingly, Plaintiff fails to plead an inaccuracy pursuant to § 1681e(b) of the FCRA. Further, Plaintiff's failure to allege any inaccuracy undermines all of his claims under the FCRA, including his reinvestigation claim under § 1681i and his willfulness claim under § 1681n. *See Padilla v. Experian Info. Sols., Inc.*, 2023 WL 4014700, at *2 (S.D. Fla. May 12, 2023) ("As an initial burden, the consumer must 'show that a credit reporting agency prepared a report containing "inaccurate" information,' which, if not shown, fails to establish a violation of the FCRA").

In support of his arguments that Trans Union violated the FCRA, Plaintiff seeks to rely on Trans Union's discovery responses to establish that his Complaint adequately states a claim under the FCRA. However, this is impermissible under Fed. R. Civ. P. 12(d), as well as under existing caselaw. *See Horsley v. Feldt*, 304 F.3d 1125, 1136, n. 6 (11th Cir. 2002) ("we will not consider matters outside the pleadings when passing on a Rule 12(c) motion for judgment on the pleadings.").[2]

Additionally, Plaintiff fails to meet the heightened pleading requirement under Fed. R. Civ. P. 9(b) for his FDUTPA claim, as his Complaint contains vague and conclusory allegations regarding Trans Union's reporting and investigative practices. Accordingly, Plaintiff's FDUTPA claims should be dismissed.

## II.     ARGUMENT

### A.     <u>Plaintiff fails to allege an inaccuracy under FCRA §§ 1681e(b) and 1681i.</u>

---

[2]     Plaintiff's strategy of using discovery responses to support his arguments in this Motion is made even more curious by the fact that Plaintiff has admitted to all of Trans Union's First Requests for Admissions by failing to respond within the timeframe set by Fed. R. Civ. P. 36. *See* Fed. R. Civ. P. 36(a)(3). To date, he has still not served his responses to Trans Union's discovery demands. In failing to do so, Plaintiff concedes that Trans Union's reporting was accurate at the time of the alleged disputes and that Trans Union conducted a proper reinvestigation in accordance with the FCRA. If Plaintiff wishes this Court to consider the parties' discovery responses to determine whether Plaintiff has a valid claim under the FCRA, his admissions indisputably prove that he does not.

While Plaintiff claims that his Complaint is distinguishable from the one dismissed in the Equifax Action, he does not demonstrate why that is the case. Instead, his Opposition confirms that the allegations in his Complaint align closely, if not identically, with the reasons for dismissal in the Equifax Action.

Plaintiff asserts that his Complaint "is far more specific than Trans Union suggests" and contains more than mere "blanket" allegations since it "identifies the specific categories of inaccuracy." *See* ECF No. 32 at pp. 3-4. He states that he specifies "each disputed account by name and furnisher," as well as "the categories of inaccuracies account by account." *See id.* at p. 2.

But, "blanket" allegations were apparently all Plaintiff could muster in this case.  Plaintiff broadly alleges that Trans Union reported inaccurate information across the Accounts but fails to specify which alleged inaccuracy is associated with each account. *See* ECF No. 12, *generally*. Instead, he vaguely asserts that Trans Union reported multiple categories of inaccurate information, including but not limited to, "incorrect charge-off reporting, inconsistent delinquency dates, missing payment history for more than sixty (60) months, incomplete account identifiers, and missing or inaccurate balance and status information," as well as "hundreds of missing, inaccurate, contradictory, or incomplete data fields, including incorrect delinquency dates, missing payment histories, inconsistent account statuses, incomplete account numbers, missing estimated removal dates, and materially false derogatory information across multiple tradelines." *See id.* at ¶ 13-14. These blanket allegations do not sufficiently allege how Plaintiff's credit report is inaccurate. *See Daley v. Trans Union LLC*, 2023 WL 7495089, at *3 (S.D. Fla. Nov. 13, 2023) (dismissing complaint because "Plaintiff's allegations fail [to] 'factually [] allege how Plaintiff's credit report is inaccurate and makes solely conclusory allegations as to the unreasonableness of [Trans Union's] investigative procedures.'"); *see also Padilla v. Experian Info. Sols., Inc.*, 2023

3

WL 4014700, at *4 (S.D. Fla. May 12, 2023) (plaintiff failed to state a claim against defendants for violation of Section 1681e(b) "because Plaintiff fails to factually allege how Plaintiff's credit report is inaccurate and makes solely conclusory allegations as to the unreasonableness of Defendants' investigative procedures.").

Plaintiff further alleges that the Complaint is more specific than the one dismissed in the Equifax Action because that one alleged inaccuracies in "general categories," such as "inaccurate balances" and "missing date closed," and does not specify what the correct information should have been. *See* ECF No. 32 at p. 4. Indeed, Plaintiff alleges the same "general categories," such as "inaccurate balance and payment statuses" and "missing removal dates." *See* ECF No. 12 at ¶ 9. However, conclusory assertions that data was "omitted" are insufficient as a matter of law. *See Davis v. Equifax Info. Servs. LLC*, 346 F. Supp. 2d 1164, 1171–72 (N.D. Ala. 2004) ("[c]onsumer reporting agencies are not required to include all existing or derogatory or favorable information about a consumer in their reports."). Further, the omission of data fields such as prior payments do not constitute an inaccuracy under the FCRA. *See Harris v. TransUnion, LLC*, 2025 WL 2270156, at *7 (N.D. Ga. May 23, 2025), *report and recommendation adopted*, 2025 WL 2270149 (N.D. Ga. July 30, 2025) (stating that "lack of a comprehensive account or payment history is of no matter, when the report, viewed as a whole, does not mislead the user about the status of the account."); *see also Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1319 (11th Cir. 2018) ("omissions did not render [Plaintiff's] credit report misleading"); *see also Hom v. TransUnion, LLC*, 2024 WL 3829971, at *2 (S.D. Fla. Aug. 15, 2024) ("A [CRA's] failure to provide additional information to explain the significance of an otherwise accurate report entry is not the type of misleading omission that is sufficient to fulfill the inaccuracy element of [an FCRA claim]").

More importantly, Plaintiff does not identify what correct information Trans Union should have reported. *See* ECF No. 12, *generally*. Put simply, despite Plaintiff's assertions to the contrary, his Complaint merely lists broad categories of allegedly inaccurate information reported by Trans Union without providing any specific details about what those inaccuracies are. Accordingly, he has failed to state a claim under § 1681e(b).

To state a valid claim under § 1681i of the FCRA, a plaintiff must make an initial showing of inaccuracy. *See Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1320, 1329 (S.D. Fla. 2011); *see also Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1367 (11th Cir. 2024) ("Because [plaintiffs] cannot identify inaccurate or incomplete information . . . provided to the consumer reporting agencies, they cannot prevail [on a FCRAclaim]."). If a plaintiff fails to satisfy this initial burden, "a court need not inquire further as to the reasonableness of the procedures adopted by the credit reporting agency," or the reasonableness of any reinvestigations. *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991), *superseded by statute on other grounds as recognized in Santos v. Healthcare Revenue Recovery Grp., LLC*, 90 F.4th 1144, 1156 (11th Cir. 2024).

Accordingly, Plaintiff cannot state a claim for violation of Section 1681i because he cannot satisfy this threshold issue.

**B.**     **Plaintiff's reliance on discovery responses is improper as a matter of law and would only demonstrate that Plaintiff has failed to allege any inaccuracy under the FCRA.**

Plaintiff argues that Trans Union's discovery production confirms that he sufficiently pled claims under the FCRA §§ 1681e(b) and 1681i. *See* ECF No. 32 at pp. 4, 6. Plaintiff's reference to and reliance on Trans Union's discovery production is irrelevant to this Motion or any motion brought under Fed. R. Civ. P. 12. *See Horsley v. Feldt*, 304 F.3d 1125, 1136, n. 6 (11th Cir. 2002) ("we will not consider matters outside the pleadings when passing on a Rule 12(c) motion for

judgment on the pleadings."); *see also McMahon v. Presidential Airways, Inc.*, 2008 WL 11430021, at *2 (M.D. Fla. Nov. 6, 2008) ("In order to maintain Defendants' motion as a motion for judgment on the pleadings under Rule 12(c), this Court exercises its discretion and rejects all matters outside the pleadings referred to in Defendants' motion for judgment on the pleadings.").

Not only is Plaintiff's reliance on discovery responses for the instant Motion improper, but it is also irrelevant as it does not establish an inaccuracy under the FCRA. Plaintiff seeks to use Trans Union's discovery production to confirm "the level of specificity in Plaintiff's disputes." *See* ECF No. 32 at p. 4. He alleges that the discovery production demonstrates Trans Union's initiation of reinvestigations in response to Plaintiff's disputes, implying that such reinvestigations alone show that Plaintiff's disputes were specific enough for Trans Union to identify the inaccuracies being plead here. *See id.* However, this misstates the legal standard for establishing a claim under the FCRA. To assert an inaccuracy under the FCRA, a consumer must identify an inaccuracy that is "objectively and readily verifiable" such that it is "likely to mislead its intended user." *Holden*, 98 F.4th at 1367–68. The fact that Trans Union conducted an investigation is irrelevant and has no bearing on whether Plaintiff plausibly states an inaccuracy under the FCRA. Importantly, Plaintiff's Complaint does not allege how any of its conclusory claims of inaccuracy are likely to mislead its intended user. Accordingly, Plaintiff cannot use Trans Union's discovery production to support his claims under the FCRA.

   **C.**   **Plaintiff's willfulness claims fail because he cannot identify an inaccuracy under the FCRA.**

Plaintiff seeks relief against Trans Union under § 1681n of the FCRA, alleging that Trans Union willfully failed to comply with the requirements imposed by the FCRA. *See* ECF No. 12, Count 5. "A plaintiff must allege specific facts that show a defendant willfully or negligently failed to comply with the FCRA." *Celestine v. Cap. One*, 2017 WL 2838185, at *2 (S.D. Fla. June 30,

2017); *see also Rush v. Macy's New York, Inc.*, 775 F.2d 1554 (11th Cir. 1985) (stating that part of the reason the plaintiff's claim failed was because he "alleged no facts tending to show that Macy's 'willfully' or 'negligently' failed to comply with the FCRA"). Additionally, the consumer must "show that a credit reporting agency prepared a report containing 'inaccurate' information," which, if not shown, fails to establish a violation of the FCRA. *Padilla*, 2023 WL 4014700, at *2.

Here, Plaintiff has unequivocally failed to plead facts sufficient to satisfy either standard. He does not sufficiently allege an inaccuracy to establish any violation of the FCRA. Moreover, he does not differentiate between Trans Union's alleged negligent and willful actions and instead vaguely asserts that all of Trans Union's violations of the FCRA were willful. This is insufficient as a matter of law, and this Court should dismiss his claims under § 1681n.

### D.   Plaintiff fails to properly plead his FDUTPA claim.

Plaintiff argues that his FDUTPA claim is grounded in "Trans Union's unfair business practices," rather than in fraud and that his FDUTPA claim is thus not subject to the heightened pleading standard of Fed. R. Civ. P. 9(b). *See* ECF No. 32 at p. 8. However, he admits that the basis for his FDUTPA claims includes Trans Union's misrepresentation of its reinvestigation results. *See id.*

"Negligent misrepresentation allegations are subject to Rule 9(b)'s heightened particularity standard." *Douse v. Bos. Sci. Corp.*, 314 F. Supp. 3d 1251, 1264 (M.D. Fla. 2018). In support of his FDUTPA claim, Plaintiff alleges that Trans Union made false and deceptive representations regarding Plaintiff's information, and misled Plaintiff into believing that Trans Union conducted proper reinvestigations. *See* ECF No. 12, Count 6. Based on these allegations, Plaintiff's FDUTPA claim is subject to the heightened pleading standard under Fed. R. Civ. P. 9(b). *See Librizzi v. Ocwen Loan Servicing, LLC*, 120 F.Supp.3d 1368, 1381 (S.D. Fla. 2015) (concluding that

FDUTPA claim was subject to Rule 9(b) where the operative complaint alleged that the defendant violated the FDUTPA and caused damages "through deception").

However, Plaintiff vehemently fails to meet this standard. He does not state with particularity what statements were made by Trans Union that deceived him, the content of these statements, the manner in which Plaintiff was misled, or what Trans Union obtained as a result of its alleged misrepresentations. *See* ECF No. 12, *generally*. Accordingly, this claim should be dismissed.

      **E.**         **Plaintiff should not be granted leave to file a Second Amended Complaint.**

Plaintiff argues that if the Court grants this Motion, the dismissal should be without prejudice, as the dismissal in the Equifax Action was without prejudice. *See* ECF No. 32 at p. 2.

As an initial matter, the plaintiff in the Equifax Action was proceeding *pro se* at the time she filed her complaint and throughout the period when the defendant moved to dismiss. In contrast, Plaintiff has been represented by counsel in this case since its inception. Accordingly, this Court is not obligated to apply the same degree of leniency it afforded in the Equifax Action. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (acknowledging that *pro se* plaintiffs ought to be given an "extra dose of grace.").

Moreover, "denying leave to amend is 'justified by futility when the complaint as amended is still subject to dismissal.'" *See Beckford v. Clarity Servs., Inc.*, 2021 WL 2980534, at \*3 (M.D. Fla. July 13, 2021) (citing *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004)); *see also Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1252 (11th Cir. 2020) ("an accurate report is not actionable under the Act").

Plaintiff's own Opposition proves that any amendment to his Complaint would be futile. Plaintiff admits that the inaccuracies he identified in Trans Union's reporting constitute "general categories" of information. *See* ECF No. 32 at p. 4. He does not present any evidence or argument

that would lend the Court to believe there is any substance to his allegations beyond the vague and conclusory allegations of inaccuracy asserted in the Complaint. Accordingly, this Court should dismiss the Complaint with prejudice.

## III.   CONCLUSION

WHEREFORE, for all of the foregoing reasons, Trans Union respectfully requests that this Court enter an order dismissing Plaintiff's Complaint in its entirety, and for such other and further relief as this Court deems just.

Dated: April 20, 2026

Respectfully submitted,

*/s/ Victor Allaham, Esq.*
Victor Allaham, Esq. (FBN 1064459)
Christian C. Kohlsaat (FBN 117795)
Buchanan Ingersoll & Rooney PC
640 5th Avenue, 9th Floor
New York, New York 10019
Tel: 212-440-4425
Email: victor.allaham@bipc.com
        christian.kohlsaat@bipc.com

***Counsel for Defendant Trans Union, LLC***

9

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the 20th day of April 2026.

/s/ Victor Allaham
Victor Allaham, Esq. (FBN 1064459)