UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-62582-CIV-DAMIAN

NATHANIEL THOMAS ALTMAN,

     Plaintiff,

v.

TRANS UNION, LLC,

     Defendant.

_____/

## ORDER ADMINISTRATIVELY CLOSING CASE
## UPON NOTICE OF SETTLEMENT

**THIS CAUSE** is before the Court on the Parties' Notice of Settlement as to Defendant Trans Union, LLC [ECF No. 46], filed June 17, 2026, indicating that the parties have reached a settlement in this action.

THE COURT having reviewed the Notice, and being otherwise fully advised, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The above-styled action is **ADMINISTRATIVELY CLOSED** without prejudice to the parties to file the appropriate dismissal document, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), within **thirty (30) days** of the date of this Order.

2. The parties are reminded that if they seek to have this Court retain jurisdiction to enforce a settlement agreement, they shall either (1) file a joint motion requesting that that this Court retain jurisdiction to enforce the settlement agreement *before* they file their joint stipulation of dismissal or (2) file a joint stipulation of dismissal with

language explicitly conditioning the stipulation on this Court entering an order retaining jurisdiction.[1] The parties shall describe why an order retaining jurisdiction is necessary.

3.       Any deadlines previously set are **TERMINATED**, and any pending motions are **DENIED AS MOOT**.

4.       The Clerk of Court shall **CLOSE** this case for *administrative and statistical purposes only*. If the parties fail to complete the expected settlement, either party may request the Court to reopen the case.

5.       Failure to timely file the appropriate dismissal document or seek an extension of time within which to do so will result in dismissal of this case without prejudice and without further notice.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 17th day of June, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:      Counsel of record

---

[1] *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012) ("We therefore find that for a district court to retain jurisdiction over a settlement agreement where the parties dismiss the case by filing a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii), either (1) the district court must issue the order retaining jurisdiction under *Kokkonen* prior to the filing of the stipulation, or (2) the parties must condition the effectiveness of the stipulation on the district court's entry of an order retaining jurisdiction.").